# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                  CASE NO. 6:22-cr-10053-EFM

**DANNY M. GRIFFIN,**

        **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**FENTANYL AND HEROIN CONSPIRACY**
**[21 U.S.C. § 846]**

From at least as early as March 1, 2021 and continuing through on or about March 22, 2021, in the District of Kansas and elsewhere, the defendant,

**DANNY M. GRIFFIN,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and distribute,

1

400 grams or more of fentanyl, which includes the reasonably foreseeable conduct of other members of the conspiracy; and (b) to possess with the intent to distribute, and distribute, 1 kilogram or more of heroin, which includes the reasonably foreseeable conduct of other members of the conspiracy, both controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## COUNT 2

### INTERSTATE TRAVEL IN AID OF RACKETEERING
### [18 U.S.C. § 1952(a)(3)]

From on or about and between March 1, 2021 and March 22, 2021, in the District of Kansas, and elsewhere, the defendant,

**DANNY M. GRIFFIN,**

did travel in interstate commerce, and did aid and abet another who had traveled in interstate commerce, with the intent to promote and carry on and facilitate the promotion and carrying on of an unlawful activity, that is the possession of fentanyl and heroin with the intent to distribute.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## **<u>FORFEITURE NOTICE</u>**

1. The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of the offenses set forth in Count 1 and 2, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense, including but not limited to:

    A. A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by the defendant from the commission of Count 1 and 2;

3. If any of the property described above, as a result of any act or omission of the defendant:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

July 12, 2022                           s/Foreperson
DATE                                    FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By:/s/ *Aaron L. Smith*
AARON L. SMITH
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: aaron.smith3@usdoj.gov
Ks. S. Ct. No. 20447

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

## PENALTIES

**Count 1**     **Fentanyl and Heroin Conspiracy**
             **21 U.S.C. §§ 846, 841(b)(1)(A)**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life imprisonment.  21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 846.

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 2:**     **Interstate Travel in Aid of Racketeering**
              **18 U.S.C. § 1952(a)(3)**

- Punishable by a term of imprisonment of not more than 5 years.  18 U.S.C. § 1952(a)(3).

- A term of supervised release of not more than 3 years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).