02-21-24, USA v. HOPKINS No. 22-10053-04

1          IN THE UNITED STATES DISTRICT COURT

2                  DISTRICT OF KANSAS

3   THE UNITED STATES OF AMERICA,   )
                                    )
4                  Plaintiff,       )          District Court
                                    )          Case No. 22-10053-04
5   DONTE HOPKINS                   )
                   Defendant.       )
6   _____  )

7              TRANSCRIPT OF PLEA HEARING

8       On the 21st day of February, 2024, came on to be heard in

9   the proceedings in the above-entitled and numbered cause before

10  the HONORABLE ERIC F. MELGREN, Judge of the United States

11  District Court for the District of Kansas, sitting in Wichita,

12  Kansas, and commencing at 2:02 p.m.  Proceedings recorded by

13  stenomask voice writer.  Transcript produced by computer-aided

14  transcription.

15                    APPEARANCES

16  The plaintiff appeared by and through:

17      Mr. Larry Fadler
        Office of United States Attorney
18      301 N. Main Street, Suite 1200
        Wichita, Kansas 67202
19
    The defendant appeared in person and by and through:
20
        Mr. James Pratt
21      Pratt Law LLC
        445 North Waco
22      Wichita, KS 67202

23

24

25

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| | 1 | CLERK MCKEE:  All rise. |
| 02:02:16 | 2 | The United States District Court for the District of |
| 02:02:16 | 3 | Kansas is now in session.  The Honorable Eric F. Melgren |
| 02:02:16 | 4 | presiding. |
| 02:02:21 | 5 | THE COURT:  Good afternoon.  You may be seated. |
| 02:02:31 | 6 | The Court calls the case of the United States |
| 02:02:35 | 7 | versus -- is it pronounced Donte Hopkins? |
| 02:02:41 | 8 | THE DEFENDANT:  Donte. |
| 02:02:41 | 9 | THE COURT:  Donte Hopkins, case number 22-10053. |
| 02:02:46 | 10 | This matter comes before the Court for a change of |
| 02:02:49 | 11 | plea. |
| 02:02:51 | 12 | For the record, sir, are you Donte Hopkins? |
| 02:02:54 | 13 | THE DEFENDANT:  Yes. |
| 02:02:56 | 14 | THE COURT:  Mr. Hopkins, I'm going to ask you some |
| 02:02:58 | 15 | questions in this hearing.  Your answers will be under oath and |
| 02:03:02 | 16 | on the record.  That means if you were to give false answers or |
| 02:03:06 | 17 | if you were to later try and change your answers, the United |
| 02:03:08 | 18 | States could charge you with perjury or with false statement. |
| 02:03:13 | 19 | Do you understand? |
| 02:03:15 | 20 | THE DEFENDANT:  Yes, Your Honor. |
| 02:03:17 | 21 | THE COURT:  Are you agreeable to take an oath to tell |
| 02:03:19 | 22 | the truth in this hearing? |
| 02:03:21 | 23 | THE DEFENDANT:  Yes, Your Honor. |
| 02:03:22 | 24 | THE COURT:  Would you please stand and my courtroom |
| 02:03:22 | 25 | deputy will swear you in. |

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:03:25 | 1 | (Defendant Complies) |
| 02:03:28 | 2 | CLERK MCKEE:  If you could raise your right hand the |
| 02:03:29 | 3 | best you can. |
| 02:03:30 | 4 | You do solemnly swear that the statements given in the |
| 02:03:30 | 5 | petition to enter a plea of guilty herein are true and correct |
| 02:03:30 | 6 | and that any oral statements you make at this hearing are true |
| 02:03:30 | 7 | and correct, so help you God.  If so, please say "I do." |
| 02:03:45 | 8 | THE DEFENDANT:  I do. |
| 02:03:47 | 9 | THE COURT:  Thank you.  You may be seated, and you may |
| 02:03:49 | 10 | answer my questions while you're sitting at the table unless I |
| 02:03:53 | 11 | direct you otherwise. |
| 02:03:55 | 12 | I'm told that you're 34 years old and you've completed |
| 02:03:58 | 13 | formal education through some college work post high school; is |
| 02:04:04 | 14 | that correct? |
| 02:04:05 | 15 | THE DEFENDANT:  Yes. |
| 02:04:05 | 16 | THE COURT:  Have you had any alcohol to drink in the |
| 02:04:08 | 17 | last 24 hours? |
| 02:04:09 | 18 | THE DEFENDANT:  No. |
| 02:04:10 | 19 | THE COURT:  Have you taken any medications or drugs of |
| 02:04:13 | 20 | any kind, legal or otherwise, at any point in the past week? |
| 02:04:16 | 21 | THE DEFENDANT:  No. |
| 02:04:18 | 22 | THE COURT:  Have you ever been under the care of a |
| 02:04:20 | 23 | doctor or a healthcare worker for any mental health or emotional |
| 02:04:24 | 24 | health issues? |
| 02:04:25 | 25 | THE DEFENDANT:  No. |

| | | |
|---|---|---|
| 02:04:26 | 1 | THE COURT: Has a court ever ruled that you were not |
| 02:04:29 | 2 | mentally competent to make decisions about your own matters and |
| 02:04:34 | 3 | appointed somebody else with the authority to make those |
| 02:04:37 | 4 | decisions for you? |
| 02:04:38 | 5 | THE DEFENDANT: No. |
| 02:04:39 | 6 | THE COURT: You're represented in this case by your |
| 02:04:41 | 7 | attorney, Mr. Pratt. Have you and Mr. Pratt had enough time to |
| 02:04:45 | 8 | discuss this case? |
| 02:04:46 | 9 | THE DEFENDANT: Yes. |
| 02:04:46 | 10 | THE COURT: Has he talked to you about the charges |
| 02:04:49 | 11 | you're facing? |
| 02:04:50 | 12 | THE DEFENDANT: Yes, he has. |
| 02:04:52 | 13 | THE COURT: Has he discussed with you that you have |
| 02:04:54 | 14 | the right to go to trial and what your defenses might be? |
| 02:04:58 | 15 | THE DEFENDANT: Yes. |
| 02:04:59 | 16 | THE COURT: Are you satisfied with the way Mr. Pratt |
| 02:05:01 | 17 | is handling your case? |
| 02:05:03 | 18 | THE DEFENDANT: Yes, I'm satisfied. |
| 02:05:05 | 19 | THE COURT: Your attorney continues to represent you |
| 02:05:07 | 20 | throughout this hearing this afternoon, sir. That means that at |
| 02:05:12 | 21 | any point before you make a statement or answer a question if |
| 02:05:13 | 22 | you would like to first talk with him privately about what you |
| 02:05:18 | 23 | should say, you may do that. Just let me know at any point that |
| 02:05:22 | 24 | you would like time to visit with your attorney privately, and |
| 02:05:25 | 25 | I'll give you as much time as you want. |

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:05:27 | 1 | Do you understand? |
| 02:05:28 | 2 | THE DEFENDANT:  Yes. |
| 02:05:28 | 3 | THE COURT:  Mr. Hopkins, I'm going to ask you some |
| 02:05:31 | 4 | questions in this hearing about your plans to plead guilty.  I'm |
| 02:05:34 | 5 | going to explain to you some rights you have under the law that |
| 02:05:38 | 6 | you will give up by entering this plea, and I'm going to talk to |
| 02:05:42 | 7 | you about some agreements you are making as a part of this plea. |
| 02:05:46 | 8 | I want to be sure that you understand everything that |
| 02:05:50 | 9 | I'm discussing with you.  I don't want to confuse you or lose |
| 02:05:54 | 10 | you at any point.  If you are not certain you're following what |
| 02:06:00 | 11 | I'm saying or understand what I am talking about, please tell me |
| 02:06:02 | 12 | that and we will take whatever time we need to explain things to |
| 02:06:06 | 13 | you. |
| 02:06:07 | 14 | Will you do that, sir? |
| 02:06:07 | 15 | THE DEFENDANT:  Yes. |
| 02:06:07 | 16 | THE COURT:  And just so we are all clear, unless you |
| 02:06:13 | 17 | tell me that you don't understand what I'm saying, then |
| 02:06:16 | 18 | everybody's going to assume that you do understand, fair enough? |
| 02:06:21 | 19 | THE DEFENDANT:  Yes. |
| 02:06:22 | 20 | MR. PRATT:  Your Honor, I don't mean to interrupt, but |
| 02:06:24 | 21 | I did want to let the Court know that there has been one change |
| 02:06:28 | 22 | to the plea agreement. |
| 02:06:31 | 23 | THE COURT:  Okay. |
| 02:06:31 | 24 | MR. PRATT:  I had forgotten about it before we got |
| 02:06:35 | 25 | started, but it's Paragraph 11, and, I guess, due to some |

| 02:06:42 | 1 | changes in policy at the U.S. Attorney's Office, the first full |
| 02:06:48 | 2 | sentence ends, after the comma, as well as any sentence imposed |
| 02:06:52 | 3 | upon a revocation of supervised release. |
| 02:06:57 | 4 | THE COURT: Yes. |
| 02:06:58 | 5 | MR. PRATT: That has been stricken. |
| 02:07:00 | 6 | THE COURT: Okay. |
| 02:07:02 | 7 | MR. PRATT: The rest of the agreement remains the |
| 02:07:04 | 8 | same. |
| 02:07:07 | 9 | THE COURT: Is this going to be a new standard for |
| 02:07:12 | 10 | plea agreements, Counsel? |
| 02:07:14 | 11 | MR. FADLER: It is my understanding. Yes, Your Honor. |
| 02:07:18 | 12 | MR. PRATT: I just learned about it before court |
| 02:07:20 | 13 | today, probably about 1:30 in an email. |
| 02:07:25 | 14 | THE COURT: Okay. All right. Thank you. We will |
| 02:07:29 | 15 | cover that as we get to it. I appreciate that. |
| 02:07:32 | 16 | MR. PRATT: Thank you, Your Honor. |
| 02:07:35 | 17 | THE COURT: Mr. Hopkins, you were charged by the grand |
| 02:07:38 | 18 | jury in a superseding indictment. There were a number of people |
| 02:07:45 | 19 | charged in that indictment. There are a number of charges that |
| 02:07:48 | 20 | don't relate to you. There are a number of charges that do |
| 02:07:51 | 21 | relate to you. I know you're not here to plea to all of those |
| 02:07:55 | 22 | charges, but I'm going to start by going over them because |
| 02:07:59 | 23 | that's the status of the charges against you at this point. |
| 02:08:03 | 24 | The superseding indictment charged you in Count 2 with |
| 02:08:07 | 25 | participating in a drug conspiracy from sometime in June of 2019 |

| | |
|---|---|
| 02:08:13 | 1 |
| 02:08:18 | 2 |

through June 29th of 2022, along with a number of other
codefendants.

          You have charges that you conspired to commit the
following conspiracies against the United States:  To posses
with an intent to distribute fentanyl.  To posses with intent to
distribute heroin.  To posses with an intent to distribute
cocaine, and to posses with intent to distribute marijuana.

          You're charged in Count 3, along with one other
person, between June of 2019 and June of 2022 of maintaining a
drug involved premises.  A property located on East Douglas here
in Wichita, that was made available for the unlawful purpose of
storing, using, manufacturing, and distributing fentanyl and
cocaine.

          You were charged in Count 17 with conspiracy to commit
mail and wire fraud in violation of 18 United States Code
Section 1349, again between June 22nd of 2019 and June 29th of
2022, along with a number of other people.

          It charges that you conspired to devise a scheme to
defraud others of money and property by means of false
representations, and that you used the mail to send several
documents to agencies of the state of Kansas, and that you also
devised a scheme to defraud others of money and property by
causing to be transmitted by wire communication matters that
were designed to conceal the ownership of a business in Liberal,
Kansas, called Strip 54, and to sell alcohol at that location by

| | |
|---|---|
| 02:10:12 | 1 |
| 02:10:16 | 2 |

1 falsely representing that someone else was the owner of that
2 facility.
3          You are charged in Counts 27 and 28 with money
4 laundering.  That you engaged in monetary transactions using
5 criminally deprived property.  They were described for unlawful
6 activity.
7          Specifically, in Count 27, alleging a date of February
8 25th of 2022 involving an amount of $15,000, and on March 3rd of
9 2022, this is Count 28, involving an amount of $34,500, and your
10 charged in Count 37 with money-laundering conspiracy from
11 2019 through November 1st of 2022, along with several other
12 people, alleging that you attempted to conceal financial
13 transactions in interstate and foreign commerce involving
14 proceeds of unlawful activity, specifically, the mail fraud and
15 wire fraud conspiracies referenced before, and you attempted to
16 engage in those transactions using criminally deprived property
17 of a value of greater than $10,000 with respect to financial
18 transactions used to make payments for the lease and purchase of
19 a property located in Liberal, Kansas, on West Pancake.
20          That you conducted financial transactions for the
21 purchase of a property in Liberal, Kansas, located on Sunflower.
22 That you conducted financial transactions for the purchase of
23 another property in Liberal, Kansas, located on Sherman, and
24 that you conducted financial transactions to purchase multiple
25 motor vehicles, as well as valuable personal property.

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:12:00 | 1 | Are you familiar with all of these charges against you |
| 02:12:03 | 2 | as the grand jury indicted in the superseding indictment filed |
| 02:12:07 | 3 | in November of 2022? |
| 02:12:09 | 4 | THE DEFENDANT:  Yes. |
| 02:12:09 | 5 | THE COURT:  You have talked about these with Mr. Pratt |
| 02:12:13 | 6 | and he's explained them to you? |
| 02:12:14 | 7 | THE DEFENDANT:  Yes. |
| 02:12:15 | 8 | THE COURT:  Do you think you understand everything |
| 02:12:16 | 9 | that you are charged with? |
| 02:12:18 | 10 | THE DEFENDANT:  I do. |
| 02:12:18 | 11 | THE COURT:  Counsel, are you confident that your |
| 02:12:19 | 12 | client understands the charges against him? |
| 02:12:22 | 13 | MR. PRATT:  I am, Your Honor. |
| 02:12:25 | 14 | THE COURT:  Mr. Hopkins, the first thing I want you to |
| 02:12:25 | 15 | understand this afternoon is that you do not have to plead |
| 02:12:31 | 16 | guilty to any of these counts.  You have the right to go to |
| 02:12:34 | 17 | trial on these charges if you want to. |
| 02:12:37 | 18 | If you go to trial, it is going to be the job of the |
| 02:12:40 | 19 | U.S. Attorney's Office to prove that you have done whatever you |
| 02:12:44 | 20 | are charged with doing. |
| 02:12:47 | 21 | It will not in any way be your job to prove that you |
| 02:12:49 | 22 | haven't done those things or to prove that you're innocent.  You |
| 02:12:54 | 23 | won't have to prove anything at all.  The job of proof will be |
| 02:12:58 | 24 | entirely on the prosecution. |
| 02:13:01 | 25 | If we go to trial, we will pick a jury of 12 ordinary |

02:13:05  1   citizens who have no prior opinion about your case and everyone

02:13:09  2   one of whom can persuade us that they could give you a fair and

02:13:13  3   impartial trial, and at the start of the trial, I would tell

02:13:18  4   that jury that it has to presume you innocent of any charge

02:13:23  5   against you unless the U.S. Attorney's Office can persuade each

02:13:27  6   one of them, and all 12 of them unanimously, beyond a reasonable

02:13:33  7   doubt, that you have done the things that you are charged with

02:13:36  8   doing.

02:13:38  9        You're entitled to a speedy trial, which means this

02:13:41  10  case could not just languish indefinitely, but you would have

02:13:45  11  the right to go to trial, more or less, as quickly as you

02:13:48  12  wanted.  In preparation for trial and throughout the trial, you

02:13:52  13  would continue to have the right to an attorney to help you.

02:13:56  14        During the trial you could see and hear every witness

02:13:59  15  that the Government called in its effort to prove its case

02:14:03  16  against you, and your attorney could ask those witnesses any

02:14:07  17  questions that were helpful and appropriate to your defense.

02:14:11  18        You could call witnesses of your own if you wanted to,

02:14:15  19  and you could use the power of this court to make those

02:14:19  20  witnesses appear at trial, but you yourself would have the right

02:14:25  21  to not go to the witness stand where you would have to answer

02:14:29  22  questions, but instead you would have the right to remain

02:14:34  23  silent, and if you chose to remain silent, I would tell the jury

02:14:39  24  that it could not consider your silence as being any evidence

02:14:43  25  that you are guilty.

02-21-24, USA v. HOPKINS No. 22-10053-04

02:14:44  1          If you were convicted, you would have the right to an
02:14:46  2  appeal.
02:14:47  3          Do you understand that you have all these rights
02:14:49  4  available to you if you choose to go to trial?
02:14:53  5          THE DEFENDANT:  Yes.
02:14:55  6          THE COURT:  If you plead guilty today, and if I accept
02:14:58  7  your plea, you will still have the right to an attorney to help
02:15:01  8  you with whatever we have to do to finish this case up through
02:15:04  9  sentencing, but all these other rights that I discussed with
02:15:08  10  you, you will give up, and once I have accepted your plea, that
02:15:13  11  is final.  You cannot change your mind later and get these
02:15:17  12  rights back.
02:15:18  13          Do you understand?
02:15:19  14          THE DEFENDANT:  Yes.
02:15:19  15          THE COURT:  Do you have any questions about any of
02:15:22  16  this so far?
02:15:22  17          THE DEFENDANT:  No questions.
02:15:24  18          THE COURT:  Do you still want to proceed to plead
02:15:25  19  guilty?
02:15:26  20          THE DEFENDANT:  Yes.
02:15:26  21          THE COURT:  I understand that you and Mr. Pratt have
02:15:29  22  reached a written plea agreement with the U.S. Attorney's
02:15:30  23  Office, and I have a copy of that plea agreement.
02:15:34  24          Have you gone over this document and discussed it with
02:15:37  25  Mr. Pratt?

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:15:38 | 1 | THE DEFENDANT:  Yes. |
| 02:15:39 | 2 | THE COURT:  Has he explained it to you?  Answered any |
| 02:15:42 | 3 | questions you have about it? |
| 02:15:43 | 4 | THE DEFENDANT:  Yes. |
| 02:15:44 | 5 | THE COURT:  Do you think you understand it? |
| 02:15:46 | 6 | THE DEFENDANT:  Yes. |
| 02:15:46 | 7 | THE COURT:  Counsel, are you confident that your |
| 02:15:48 | 8 | client understands the representations and promises he is making |
| 02:15:51 | 9 | in this plea agreement and those that are being made to him? |
| 02:15:54 | 10 | MR. PRATT:  Yes, Your Honor. |
| 02:15:56 | 11 | THE COURT:  Thank you. |
| 02:15:59 | 12 | I want to go through some of the provisions of this |
| 02:16:00 | 13 | plea agreement with you here in open court, Mr. Hopkins, just to |
| 02:16:03 | 14 | satisfy myself that you understand them. |
| 02:16:06 | 15 | Paragraph 1 says that you are pleading guilty to Count |
| 02:16:09 | 16 | 3 of the superseding indictment, and from now on that is the |
| 02:16:10 | 17 | only count that we will be discussing. |
| 02:16:15 | 18 | This count, again, charges you with maintaining a drug |
| 02:16:18 | 19 | involved premises in violation of 21 United States Code § 856. |
| 02:16:23 | 20 | I am required to tell you that under the law for being found |
| 02:16:27 | 21 | guilty of this offense, you could receive a sentence of up to 20 |
| 02:16:31 | 22 | years in prison, you could have a fine of up to $500,000 |
| 02:16:36 | 23 | assessed against you, you could be placed on at least |
| 02:16:39 | 24 | three-years of supervised release, and you would be required to |
| 02:16:43 | 25 | pay a $100 mandatory special assessment to the Crime Victims |

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:16:46 | 1 | Fund. |
| 02:16:47 | 2 | Do you understand? |
| 02:16:48 | 3 | THE DEFENDANT:  Yes. |
| 02:16:48 | 4 | THE COURT:  Let me talk to you briefly about |
| 02:16:52 | 5 | supervised release.  I assume things like a fine or a time in |
| 02:16:52 | 6 | prison are self-explanatory, but you may not be familiar with |
| 02:16:59 | 7 | what supervised release means. |
| 02:17:00 | 8 | It simply means that after you've served whatever time |
| 02:17:04 | 9 | in prison you may receive to serve and are released, you will be |
| 02:17:04 | 10 | subject to supervision by the United States Probation Office for |
| 02:17:09 | 11 | a period of time, and during that period of supervision, you |
| 02:17:14 | 12 | will be required to comply with the terms and conditions of |
| 02:17:18 | 13 | supervision.  Those will all be set forth at the time of your |
| 02:17:22 | 14 | sentencing. |
| 02:17:23 | 15 | If you don't comply with them, you could be charged |
| 02:17:26 | 16 | with violation of your supervised release back in court, and if |
| 02:17:31 | 17 | I or another judge found that you had violated them, we could |
| 02:17:34 | 18 | send you back to prison at that point and we could do that |
| 02:17:37 | 19 | without you having the right to a trial. |
| 02:17:40 | 20 | Do you understand? |
| 02:17:41 | 21 | THE DEFENDANT:  Yes. |
| 02:17:41 | 22 | THE COURT:  Paragraph 1 also says that by entering |
| 02:17:44 | 23 | into this plea agreement, you admit to having knowingly |
| 02:17:48 | 24 | committed this crime and you admit that you are guilty of it. |
| 02:17:52 | 25 | Is that a correct statement, sir? |

02-21-24, USA v. HOPKINS No. 22-10053-04

02:17:54  1          THE DEFENDANT:  Yes.

02:17:54  2          THE COURT:  Paragraph 2 sets out the facts that you're

02:17:59  3   admitting to as a part of this plea, and these are very

02:18:01  4   important because I'm going to rely on the facts to which you

02:18:04  5   admit in deciding whether I can accept your plea and ultimately

02:18:08  6   in deciding what sentence is appropriate in your case.

02:18:11  7          This paragraph says that between June of 2019 and June

02:18:14  8   29th of 2022, you rented and furnished an apartment made

02:18:20  9   available to your co-defendant, Danny Griffin, to use to store

02:18:23  10  and distribute controlled substances.

02:18:26  11         You paid the monthly rent, and while it was not your

02:18:29  12  primary residence, you supervised the location regularly.  This

02:18:32  13  was a property located on East Douglas Avenue here in Wichita,

02:18:36  14  and it was made available to Mr. Griffin for the purpose of

02:18:40  15  storing and distributing cocaine and fentanyl, both of which are

02:18:44  16  controlled substances under federal law.

02:18:48  17         You were shown to specifically be aware that 502 grams

02:18:54  18  of cocaine was stored at that apartment.  Although, it appears

02:18:57  19  from the investigation you did not participate in the

02:19:00  20  distribution of controlled substances or otherwise have

02:19:03  21  awareness of the substances being stored by Mr. Griffin.

02:19:08  22         Drugs were being brought to this residence by members

02:19:08  23  of Griffin's organization to be stored and later distributed.

02:19:12  24  And you knew this residence was being used for the storage and

02:19:17  25  distribution of controlled substances of narcotics, and knowing

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:19:21 | 1 | that, you continued to make the residence available for that use |
| 02:19:24 | 2 | by Mr. Griffin. |
| 02:19:28 | 3 | Are these facts that I have summarized in Paragraph 2 |
| 02:19:31 | 4 | all true and correct, sir? |
| 02:19:34 | 5 | THE DEFENDANT:  Yes. |
| 02:19:35 | 6 | THE COURT:  And do you admit to them? |
| 02:19:36 | 7 | THE DEFENDANT:  Yes, I admit to them. |
| 02:19:37 | 8 | THE COURT:  Paragraph 3 talks about the United States |
| 02:19:40 | 9 | Sentencing Guidelines.  Has Mr. Pratt discussed the sentencing |
| 02:19:44 | 10 | guidelines with you? |
| 02:19:45 | 11 | THE DEFENDANT:  Yes. |
| 02:19:45 | 12 | THE COURT:  So you understand that they are a process |
| 02:19:48 | 13 | where by the facts related to your crime will be analyzed and |
| 02:19:52 | 14 | assigned a number that represents how serious it is.  We call |
| 02:19:56 | 15 | that number the offense level.  In computing that offense level, |
| 02:20:01 | 16 | they may use a concept called relevant conduct. |
| 02:20:04 | 17 | Has Mr. Pratt talked to you about relevant conduct? |
| 02:20:08 | 18 | THE DEFENDANT:  Yes. |
| 02:20:08 | 19 | THE COURT:  So you know that even though you're |
| 02:20:10 | 20 | pleading to the count of maintaining a drug involved premises, |
| 02:20:16 | 21 | to the extent that other things that you did are considered |
| 02:20:20 | 22 | relevant to this offense, and those may be other things that you |
| 02:20:23 | 23 | did by which you were charged in other counts in the indictment, |
| 02:20:27 | 24 | the facts related to those other things, if deemed relevant, may |
| 02:20:30 | 25 | be taken into account in determining what that offense level |

02:20:35  1    number is under the sentencing guidelines that represents how

02:20:38  2    serious your crime is.

02:20:40  3            Do you understand this?

02:20:41  4            THE DEFENDANT:  Yes.

02:20:41  5            THE COURT:  Well, this offense level will be plotted

02:20:44  6    on a chart against any prior criminal record for convictions

02:20:48  7    that you have to arrive at a recommended range of an appropriate

02:20:51  8    sentence, and we will talk about that some more as we go

02:20:55  9    forward.

02:20:55  10           I'm going to go now to Paragraph 5, which sets out the

02:21:00  11   agreements the Government is making with you in exchange for

02:21:03  12   your plea.

02:21:05  13           It says that the Government agrees to dismiss any

02:21:08  14   other counts against you besides the one that you're pleading to

02:21:13  15   today at the time of your sentencing and agrees not to file any

02:21:16  16   more charges against you that are based on the same facts that

02:21:21  17   these indictments were based on.

02:21:23  18           It agrees that it's going to indicate that you qualify

02:21:28  19   for a role adjustment pursuant to, in particular, the United

02:21:32  20   States Sentencing Guidelines.  That essentially means that your

02:21:35  21   offense level that I talked to you about will be lowered, will

02:21:37  22   become less, because your role was somewhat less significant or

02:21:44  23   more minor in this transaction than others.

02:21:48  24           It agrees that it's going to recommend that you

02:21:50  25   receive the maximum reduction in the offense level that is

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:21:54 | 1 | available because you're accepting responsibility by pleading |
| 02:21:58 | 2 | guilty.  That will be a two or three-level reduction in the |
| 02:22:01 | 3 | offense level, and that, again, will have the affect of lowering |
| 02:22:03 | 4 | what the sentencing guidelines would otherwise recommend. |
| 02:22:07 | 5 | And then once the final sentencing guideline |
| 02:22:11 | 6 | calculation has been made, after these other reductions, it is |
| 02:22:14 | 7 | going to allow you the right to request a sentence even below |
| 02:22:21 | 8 | that sentencing guideline range, and the Government agrees that |
| 02:22:26 | 9 | it will recommend a sentence of no higher than the longest end |
| 02:22:30 | 10 | of the sentencing guidelines range. |
| 02:22:35 | 11 | Do you understand all this? |
| 02:22:36 | 12 | THE DEFENDANT:  Yes. |
| 02:22:37 | 13 | THE COURT:  Do you have any questions about this? |
| 02:22:39 | 14 | THE DEFENDANT:  No. |
| 02:22:40 | 15 | THE COURT:  Well, there are a couple things about |
| 02:22:42 | 16 | these agreements that I do want to make sure that you also |
| 02:22:45 | 17 | understand. |
| 02:22:47 | 18 | The first is that these promises that I have just gone |
| 02:22:47 | 19 | over with you are the only promises the Government is making to |
| 02:22:51 | 20 | you.  So if you're pleading guilty today because you thought you |
| 02:22:56 | 21 | had some other promises besides these and you are relying on |
| 02:23:00 | 22 | those other promises, maybe even just in part in your decision |
| 02:23:04 | 23 | to plead guilty, I would advise you not to do that because the |
| 02:23:09 | 24 | Government will not do anything for you except the promises |
| 02:23:13 | 25 | contained in Paragraph 5, which I have just discussed; is that |

02-21-24, USA v. HOPKINS No. 22-10053-04

| | |
|---|---|
| 02:23:17 | 1 |
| 02:23:17 | 2 |
| 02:23:17 | 3 |

02:23:17  1  clear?

02:23:17  2          THE DEFENDANT:  Yes.

02:23:17  3          THE COURT:  The second thing I want you to understand

02:23:20  4  about these promises is that even the promises that the

02:23:24  5  Government is making to you depend on you continuing to show

02:23:29  6  that you accept responsibility for what you have done, just as

02:23:33  7  you are doing right now, and that if in fact at some point after

02:23:38  8  this hearing you deny or give contradictory statements about

02:23:43  9  what you did, if you make false or frivolous challenges in this

02:23:48  10  case that have no real basis in law or fact, if you try to

02:23:52  11  interfere with or obstruct the process of justice in this case,

02:23:56  12  certainly if you commit any other crimes, in any of those

02:24:00  13  instances, the Government could come back into court and ask me

02:24:04  14  to find that by doing so you have violated this plea agreement.

02:24:09  15          And if I find that you did, then they will not be held

02:24:13  16  to these promises that they have made, and they will be free to

02:24:16  17  file more charges against you.  Either charges based on your

02:24:20  18  original criminal conduct or charges based on any perjury or

02:24:24  19  false statement or obstruction of justice you might have

02:24:27  20  committed.

02:24:28  21          Do you understand?

02:24:29  22          THE DEFENDANT:  Yes.

02:24:29  23          THE COURT:  Paragraph 6 explains that no matter what

02:24:34  24  the final sentencing guideline recommendation is, no matter what

02:24:39  25  the Government recommends that your sentence should be, at the

02:24:45  1   time of your sentencing the sentence you actually receive will

02:24:49  2   be entirely up to me, and nobody can promise you what that

02:24:52  3   sentence will be.

02:24:54  4          Do you understand?

02:24:55  5          THE DEFENDANT:  Yes.

02:24:55  6          THE COURT:  And if you don't like the sentence you

02:24:59  7   receive, that will not be a basis for you to withdraw from your

02:25:02  8   guilty plea.  Once I've accepted your plea, that is final.  You

02:25:08  9   cannot change your mind later and get those rights back.

02:25:11  10          Do you understand?

02:25:12  11          THE DEFENDANT:  Yes.

02:25:14  12          THE COURT:  Paragraph 7 talks about forfeiture.  Have

02:25:17  13   you discussed forfeiture with Mr. Pratt?

02:25:21  14          THE DEFENDANT:  Yes, I have.

02:25:24  15          THE COURT:  Paragraph 7 says that you agree and

02:25:26  16   consent to the forfeiture in a long list of property attached as

02:25:32  17   Attachment A to this plea agreement that contains property from

02:25:37  18   A through KK.  That's going to be, I don't know, I can't count,

02:25:42  19   perhaps 40 items of property.

02:25:46  20          Are you familiar with the Attachment A to this plea

02:25:47  21   agreement and all the items of property contained in there?

02:25:50  22          THE DEFENDANT:  Yes.

02:25:50  23          THE COURT:  This paragraph says that you're agreeing

02:25:54  24   to either execute a disclaimer or abandonment of property in

02:25:59  25   that hearing.

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:26:04 | 1 | So I guess I'm confused.  Is he forfeiting it, or is |
| 02:26:08 | 2 | he abandoning it, counsel?  This paragraph says both. |
| 02:26:20 | 3 | MR. PRATT:  Your Honor, I believe from discussions |
| 02:26:24 | 4 | with Aaron Smith, who is much more knowledgeable on forfeiture |
| 02:26:30 | 5 | than I am, that the items listed in the plea agreement, |
| 02:26:32 | 6 | excluding Attachment A, will be abandoned, and the items in |
| 02:26:40 | 7 | Attachment A will be forfeited. |
| 02:26:45 | 8 | THE COURT:  So the items listed in the plea agreement |
| 02:26:48 | 9 | are not contained on Exhibit A? |
| 02:26:53 | 10 | MR. PRATT:  Well, the Ford F-150 I see is listed as F. |
| 02:27:11 | 11 | THE COURT:  Paragraph U does and $479 in currency. |
| 02:27:15 | 12 | MR. PRATT:  Your Honor, I can't explain the |
| 02:27:19 | 13 | discrepancy.  I do know, however, that my client has not claimed |
| 02:27:24 | 14 | any right to any of the property listed. |
| 02:27:31 | 15 | THE COURT:  Okay.  Well, the first paragraph talks |
| 02:27:33 | 16 | about forfeiture and the next paragraph talks about abandonment, |
| 02:27:36 | 17 | but then when you get over to the next page, it talks about |
| 02:27:39 | 18 | forfeiture again. |
| 02:27:42 | 19 | MR. PRATT:  I do see that now, Your Honor. |
| 02:27:44 | 20 | THE COURT:  So, essentially, I'm trying to cut through |
| 02:27:49 | 21 | the confusion, Mr. Hopkins.  Forfeiture means that any property |
| 02:27:54 | 22 | that you had or used in connection with your criminal activity |
| 02:27:59 | 23 | or that you derived from your criminal activity, you could be |
| 02:28:03 | 24 | caused to surrender your ownership and possession rights to that |
| 02:28:06 | 25 | property to the Government, that is to say to forfeit that |

02:28:09  1    property.

02:28:11  2          Abandonment means that you essentially are saying, I'm

02:28:16  3    abandoning any interest I have in this property in favor of the

02:28:18  4    United States.  And so without going through the forfeiture

02:28:21  5    provision, you are essentially surrendering any rights you have

02:28:25  6    abandoning and disclaiming any rights you have or may have to

02:28:30  7    that property to the Government.

02:28:32  8          It is two different ways of getting at the same thing,

02:28:36  9    and they have different procedural requirements, but the end

02:28:39  10   result is pretty much the same thing.

02:28:42  11         Do you understand that?

02:28:43  12         THE DEFENDANT:  Yes.

02:28:43  13         THE COURT:  And so there is all this property I

02:28:46  14   discussed with you at Attachment A.  Some of that appears to be

02:28:54  15   discussed in the abandonment process.  Others are discussed with

02:29:00  16   respect to forfeiture because forfeiture is a legal proceeding,

02:29:03  17   you have a right to a jury trial on forfeiture.  You have a

02:29:08  18   right to certain defenses on forfeiture.

02:29:12  19         This paragraph says that you're waiving all of those

02:29:13  20   rights.  The right to a jury trial and the rights of forfeiture.

02:29:17  21   And then at the end of this Paragraph 7, it says that you're

02:29:21  22   agreeing to sign anything necessary to give that an immediate

02:29:26  23   effect to a temporary order of forfeiture with respect to those

02:29:30  24   items being forfeited.

02:29:32  25         Do you understand this?

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:29:33 | 1 | THE DEFENDANT:  Yes. |
| 02:29:34 | 2 | THE COURT:  And are you agreeing to do these things? |
| 02:29:35 | 3 | THE DEFENDANT:  Yes. |
| 02:29:35 | 4 | THE COURT:  Because some of the items of forfeiture |
| 02:29:42 | 5 | are going to have a substituted dollar amount with them, at |
| 02:29:45 | 6 | least I am guessing this is why, there is also a provision in |
| 02:29:45 | 7 | this plea agreement regarding you identifying your financial |
| 02:29:54 | 8 | assets so that the Government, to the extent that they are |
| 02:29:57 | 9 | collecting money from you, has an idea of what money there is. |
| 02:30:02 | 10 | Have you looked through Paragraph 8 regarding monetary |
| 02:30:07 | 11 | issues and discussed it with your attorney? |
| 02:30:09 | 12 | THE DEFENDANT:  Yes. |
| 02:30:09 | 13 | THE COURT:  This essentially says that you're going to |
| 02:30:13 | 14 | cooperate fully with the U.S. Attorney's Office in identifying |
| 02:30:16 | 15 | any property or assets of money that you have.  You are going to |
| 02:30:20 | 16 | execute a financial statement on a form that they give you that |
| 02:30:25 | 17 | discloses all of that, and you are agreeing to update that |
| 02:30:28 | 18 | financial statement within 30 days of any significant change in |
| 02:30:32 | 19 | those statements. |
| 02:30:33 | 20 | You're agreeing to provide copies of the backup |
| 02:30:36 | 21 | documents, that they may reference those, including tax returns, |
| 02:30:39 | 22 | and you're agreeing to disclose assets that you have an indirect |
| 02:30:45 | 23 | interest in through someone else. |
| 02:30:47 | 24 | You're agreeing to identifying assets that you have |
| 02:30:49 | 25 | transferred within six years preceding this date.  You are |

02:30:53  1    agreeing to release financial information requested by the

02:30:58  2    United States including tax or bank or credit information.

02:31:02  3           You are agreeing that they may take an examination of

02:31:07  4    you and that examination will be under oath and may be taken

02:31:10  5    pursuant to a polygraph.  You are agreeing not to transfer any

02:31:15  6    money or property that you have or put it under lien or sell it

02:31:18  7    without written prior approval from the U.S. Attorney's Office.

02:31:21  8    And then there are a number of other procedural agreements here

02:31:21  9    in Paragraph 8 that I'm not going to go through.

02:31:27  10          Do you understand these agreements you're making with

02:31:30  11   respect to your disclosure of financial assets?

02:31:33  12          THE DEFENDANT:  Yes.

02:31:33  13          THE COURT:  And are you agreeing to do these things?

02:31:37  14          THE DEFENDANT:  Yes.

02:31:37  15          THE COURT:  Let's go now to Paragraph 11.  This

02:31:41  16   paragraph explains that the law gives you a lot of rights to

02:31:41  17   file appeals or challenges with things that happened to you.

02:31:48  18   You can appeal the way the case was investigated and prosecuted

02:31:52  19   against you.  You can appeal your conviction and the sentence

02:31:56  20   you receive and how that sentence was calculated.  You can

02:32:00  21   appeal any conditions of supervised release that are placed upon

02:32:06  22   you at sentencing.  You can even, after this case is over, file

02:32:10  23   a new motion or a separate case in which you would allege that

02:32:15  24   we did not properly follow the law and the rules in handling

02:32:19  25   this matter and; therefore, you shouldn't be held to any

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:32:23 | 1 | judgment or sentence issued against you in this case. |
| 02:32:27 | 2 | But under Paragraph 11, you're pretty much waiving all |
| 02:32:30 | 3 | of those rights.  By and large, unless I were to give you a |
| 02:32:37 | 4 | sentence longer than the longest end of the recommended |
| 02:32:40 | 5 | guideline range, or unless the United States were to file its |
| 02:32:44 | 6 | own appeal, other than in those instances, you are largely |
| 02:32:47 | 7 | waiving any appeal rights the law would otherwise give to you. |
| 02:32:51 | 8 | Do you understand that? |
| 02:32:52 | 9 | THE DEFENDANT:  Yes. |
| 02:32:52 | 10 | THE COURT:  And are you agreeing to do that? |
| 02:32:54 | 11 | THE DEFENDANT:  Yes. |
| 02:32:55 | 12 | THE COURT:  Jumping forward to Paragraph 14.  This |
| 02:32:58 | 13 | simply explains that the promises made to you in this plea |
| 02:32:59 | 14 | agreement are only binding against federal law enforcement |
| 02:33:02 | 15 | authorities in Kansas and nobody else.  That would include any |
| 02:33:09 | 16 | state or local officials are in any way restricted by this plea |
| 02:33:12 | 17 | agreement. |
| 02:33:13 | 18 | Do you understand that? |
| 02:33:15 | 19 | THE DEFENDANT:  Yes. |
| 02:33:16 | 20 | THE COURT:  Finally, Mr. Hopkins, at the end of this |
| 02:33:19 | 21 | plea agreement in Paragraph 15 it states that you are entering |
| 02:33:22 | 22 | into this plea agreement and you are pleading guilty because you |
| 02:33:26 | 23 | are guilty, and that you're doing that freely and voluntarily; |
| 02:33:30 | 24 | is that a correct statement, sir? |
| 02:33:33 | 25 | THE DEFENDANT:  Yes. |

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:33:35 | 1 | THE COURT:  Other than the promises made to you in |
| 02:33:36 | 2 | this plea agreement, which I have gone over with you, has |
| 02:33:36 | 3 | anybody made any other promises to you to persuade you to enter |
| 02:33:41 | 4 | a plea of guilty? |
| 02:33:43 | 5 | THE DEFENDANT:  No. |
| 02:33:45 | 6 | THE COURT:  Has anyone made any threats against you to |
| 02:33:47 | 7 | make you enter this plea? |
| 02:33:49 | 8 | THE DEFENDANT:  No. |
| 02:33:50 | 9 | THE COURT:  Has anybody used or tried to use any |
| 02:33:52 | 10 | physical force or violence against you to make you enter this |
| 02:33:55 | 11 | plea? |
| 02:33:55 | 12 | THE DEFENDANT:  No. |
| 02:33:56 | 13 | THE COURT:  The superseding indictment in which you |
| 02:33:59 | 14 | were charged, as I mentioned earlier, charged a lot of other |
| 02:34:02 | 15 | people besides you.  If I accept your plea agreement, that is |
| 02:34:09 | 16 | final.  Even if all those other people ultimately had all |
| 02:34:15 | 17 | charges against them dropped, or went to trial and they were |
| 02:34:18 | 18 | acquitted on all charges, you would still be held to your guilty |
| 02:34:22 | 19 | plea. |
| 02:34:23 | 20 | Do you understand that? |
| 02:34:24 | 21 | THE DEFENDANT:  Yes. |
| 02:34:24 | 22 | THE COURT:  Counsel, for both sides, have I adequately |
| 02:34:26 | 23 | covered this plea agreement to your satisfaction? |
| 02:34:28 | 24 | MR. FADLER:  Yes, Your Honor. |
| 02:34:29 | 25 | MR. PRATT:  Yes, Your Honor. |

| | | |
|---|---|---|
| 02:34:31 | 1 | THE COURT:  Thank you, Counsel. |
| 02:34:32 | 2 | Mr. Hopkins, we have another document called petition |
| 02:34:35 | 3 | to enter a plea of guilty.  I'm not going to go over this in |
| 02:34:37 | 4 | detail with you like I did the plea agreement, but I do want to |
| 02:34:41 | 5 | ask you a few questions about this petition. |
| 02:34:44 | 6 | Have you also gone over this document and discussed it |
| 02:34:46 | 7 | with Mr. Pratt? |
| 02:34:47 | 8 | THE DEFENDANT:  Yes. |
| 02:34:48 | 9 | THE COURT:  Again, has he explained it to you? |
| 02:34:52 | 10 | Answered any questions you have about it? |
| 02:34:54 | 11 | THE DEFENDANT:  Yes. |
| 02:34:54 | 12 | THE COURT:  Do you think you understand it? |
| 02:34:56 | 13 | THE DEFENDANT:  Yes, I do. |
| 02:34:58 | 14 | THE COURT:  Counsel, are you confident that your |
| 02:34:58 | 15 | client understands the consequences of signing this petition and |
| 02:35:01 | 16 | presenting it to the Court? |
| 02:35:05 | 17 | MR. PRATT:  Yes, Your Honor. |
| 02:35:06 | 18 | THE COURT:  You understand, Mr. Hopkins, that by |
| 02:35:06 | 19 | signing this petition and giving it to me, it means that you are |
| 02:35:10 | 20 | admitting under oath that you committed the crime to which you |
| 02:35:15 | 21 | are pleading and you are admitting that you are in fact legally |
| 02:35:19 | 22 | guilty of that crime. |
| 02:35:20 | 23 | Do you understand that? |
| 02:35:22 | 24 | THE DEFENDANT:  Yes. |
| 02:35:22 | 25 | THE COURT:  By signing this petition and giving it to |

| | | |
|---|---|---|
| 02:35:24 | 1 | me, it means that you are asking me to accept your guilty plea |
| 02:35:28 | 2 | and to find that you are guilty without ever having to have a |
| 02:35:33 | 3 | trial; is that clear? |
| 02:35:34 | 4 | THE DEFENDANT:  Yes. |
| 02:35:34 | 5 | THE COURT:  Are you signing this petition and giving |
| 02:35:38 | 6 | it to me because you are in fact legally guilty of the crime to |
| 02:35:42 | 7 | which you are pleading? |
| 02:35:43 | 8 | THE DEFENDANT:  Yes. |
| 02:35:43 | 9 | THE COURT:  Mr. Hopkins, do you have any questions |
| 02:35:49 | 10 | about anything we have talked about this afternoon? |
| 02:35:51 | 11 | THE DEFENDANT:  No questions, Your Honor. |
| 02:35:54 | 12 | THE COURT:  Before I accept your guilty plea, do you |
| 02:35:55 | 13 | want any additional time to speak privately with your attorney |
| 02:35:58 | 14 | about anything at all? |
| 02:35:59 | 15 | THE DEFENDANT:  No. |
| 02:36:01 | 16 | THE COURT:  Are you ready to enter your plea? |
| 02:36:02 | 17 | THE DEFENDANT:  Yes, Your Honor. |
| 02:36:04 | 18 | THE COURT:  Would you please stand. |
| 02:36:05 | 19 | (Defendant Complies) |
| 02:36:12 | 20 | THE COURT:  Mr. Hopkins, as to the charge filed |
| 02:36:13 | 21 | against you by the grand jury in Count 3 of the superseding |
| 02:36:16 | 22 | indictment in this case, how do you plead, guilty or not guilty? |
| 02:36:21 | 23 | THE DEFENDANT:  Guilty. |
| 02:36:22 | 24 | THE COURT:  Mr. Pratt, you may assist your client in |
| 02:36:24 | 25 | executing these documents and presenting them to the Court. |

| 02:37:28 | 1 | Counsel, do either of you know of any reason why I |
| 02:37:30 | 2 | should not accept this plea? |
| 02:37:32 | 3 | MR. FADLER: No, Your Honor. |
| 02:37:33 | 4 | MR. PRATT: No, Your Honor. |
| 02:37:35 | 5 | THE COURT: Very well. I find that the defendant has |
| 02:37:37 | 6 | made his plea freely, voluntarily, and because he's guilty as |
| 02:37:41 | 7 | charged, not out of ignorance, fear, inadvertence or coercion, |
| 02:37:48 | 8 | but with a full understanding of the consequences. I further |
| 02:37:51 | 9 | find that he has admitted to the essential elements of the crime |
| 02:37:53 | 10 | charged and he is mentally competent to do so. I am therefore |
| 02:37:56 | 11 | ordering that his plea of guilty be accepted and entered as |
| 02:37:59 | 12 | prayed for in the petition and as recommended by his attorney. |
| 02:38:04 | 13 | I'm going to direct the United States Probation Office |
| 02:38:06 | 14 | to prepare a background presentence investigation report on you |
| 02:38:09 | 15 | that we will use at the time of your sentencing. In preparing |
| 02:38:13 | 16 | that, they are probably going to want to visit with you or talk |
| 02:38:15 | 17 | with you, and I'm advising you to have Mr. Pratt present for |
| 02:38:19 | 18 | that discussion. |
| 02:38:19 | 19 | Do you understand? |
| 02:38:21 | 20 | THE DEFENDANT: Yes. |
| 02:38:21 | 21 | THE COURT: What day can we set for sentencing in this |
| 02:38:23 | 22 | case? |
| 02:38:24 | 23 | CLERK MCKEE: May 6th at 1:45 p.m. |
| 02:38:29 | 24 | THE COURT: All right. Sentencing is set accordingly. |
| 02:38:31 | 25 | The defendant will be remanded to the custody of the Marshal |

02-21-24, USA v. HOPKINS No. 22-10053-04

| | | |
|---|---|---|
| 02:38:33 | 1 | until that -- he won't be remanded.  I guess he is on bond. |
| 02:38:36 | 2 | Is there any reason to not continue him on his release |
| 02:38:39 | 3 | status? |
| 02:38:41 | 4 | MR. FADLER:  No, Your Honor. |
| 02:38:41 | 5 | THE COURT:  All right.  Mr. Hopkins, you will be |
| 02:38:41 | 6 | continued under the same release conditions you have been on |
| 02:38:43 | 7 | previously up until the data of sentencing. |
| 02:38:46 | 8 | Is there anything else we need to take up regarding |
| 02:38:48 | 9 | this this afternoon? |
| 02:38:50 | 10 | MR. PRATT:  No, Your Honor. |
| 02:38:51 | 11 | MR. FADLER:  Nothing from the Government, Your Honor. |
| 02:38:54 | 12 | THE COURT:  The Court is in recess. |
| 02:38:56 | 13 | CLERK MCKEE:  All rise. |
| 02:38:57 | 14 | (The proceedings were concluded at 2:38 p.m.) |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

C E R T I F I C A T E

I, Annie S. States, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place as a stenomask voice writer;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true, and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my hand on this the 5th day of August, 2024.


/s/ Annie S. States
Annie S. States, CCR #1730, CVR #8550
United States Court Reporter